DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Anthony Noble, appeals from his conviction out of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 6, 2003, appellant was indicted on one count of harassment by an inmate, in violation of R.C. 2921.38(A), a felony of the fifth degree. It was alleged that appellant, while incarcerated at Lorain Correctional Institution in Grafton, Ohio, spat upon corrections officer Donald Mullins upon being returned to his cell. Appellant pled not guilty to the charge, and the matter proceeded to trial before a jury on April 19 and 20, 2004. At the conclusion of trial, the jury found appellant guilty, and the trial court sentenced appellant to one year in prison, which term was to be served consecutively to the fourteen-year term of incarceration he was then serving on a prior conviction for felonious assault and failure to comply. Appellant timely appeals his conviction, raising four assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred by not granting the defendant's motion to dismiss in that O.R.C. 2921.38(a) does not apply."
 {¶ 3} Appellant argues that he could not have been indicted under R.C. 2921.38(A); because, at the time of the incident, he was housed in an area of the prison designated as a residential treatment facility. Appellant argues that the exception in R.C. 2921.38(E), therefore, precludes his culpability. This Court disagrees.
 {¶ 4} R.C. 2921.38(A) provides:
"No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."
 {¶ 5} R.C. 2921.38(E) provides:
"This section does not apply to a person who is hospitalized, institutionalized, or confined in a facility operated by the department of mental health or the department of mental retardation and developmental disabilities."
 {¶ 6} Appellant orally moved the court to dismiss the indictment at a pretrial on December 19, 2003. The trial court denied the motion. On February 25, 2004, appellant filed a motion to dismiss prior to trial, asserting that appellant was placed in a mental health unit at Lorain Correctional Institution at the time of the incident, so that he was exempt from the charge of harassment by an inmate pursuant to R.C.2921.38(E). The trial court denied the motion without analysis. Appellant renewed his motion to dismiss on the same grounds immediately prior to the commencement of trial on April 19, 2004. The trial court again denied the motion, stating, "Same motion. Same ruling."
 {¶ 7} Within a criminal context, a pretrial motion to dismiss is only appropriate, where such motion is capable of being determined without the trial on the general issue. State v. McNamee (1984), 17 Ohio App.3d 175,176. See, also, Crim.R. 12(C). Otherwise, "[a] motion to dismiss an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either [the State] or the defendant." Akron v. Buzek, 9th Dist. No. 20728, 2002-Ohio-1960. Where the issue is one of legal sufficiency of the evidence, the issue is not capable of determination prior to trial.McNamee, 17 Ohio App.3d at 176. A count in an indictment is sufficient "if it contains in substance, a statement that the accused has committed some public offenses therein specified." Buzek; R.C. 2941.05. Where a criminal defendant files a motion to dismiss which goes beyond the face of the indictment, he is essentially moving for summary judgment on the indictment prior to trial, a mechanism not permitted under the Ohio Rules of Criminal Procedure. State v. Varner (1991), 81 Ohio App.3d 85, 86; Akron v. Davis (July 31, 1991), 9th Dist. No. 14989.
 {¶ 8} In this case, before appellant could be convicted of the charge of harassment by an inmate, the State had to prove beyond a reasonable doubt all the necessary elements of the offense, including that appellant was confined to a detention facility at the time of the offense. Because of the exclusionary provision in R.C. 2921.38(E), the State had to prove that the detention facility was not a facility operated by the department of mental health or the department of mental retardation and developmental disabilities. The exclusionary provision does not operate as an affirmative defense to the charge. Rather, the element of confinement in a detention facility that is not a facility excluded by R.C. 2921.38(E) is a necessary element of the underlying offense. Therefore, the indictment properly charged an offense pursuant to R.C.2921.38(A).
 {¶ 9} In his motion to dismiss, appellant sought to present evidence regarding the nature of the detention facility in which appellant was confined at the time of the offense. Consequently, appellant's pretrial motion to dismiss was premature, as it was designed to test the sufficiency of the state's case. Under the circumstances, the trial court did not err by denying appellant's pretrial motion to dismiss. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The defendant is entitled to a new trial due to ineffective assistance of counsel."
 {¶ 10} Appellant argues that his trial counsel was ineffective, thereby depriving him of his constitutional right to the effective assistance of counsel. Specifically, appellant argues that trial counsel was ineffective in several ways: (1) for failing to obtain appellant's medical records from Lorain Correctional Institution to substantiate appellant's motion to dismiss on the grounds of the exclusionary provision in R.C. 2921.38(E); (2) for failing to orally move for dismissal of the charge during trial after the state's witness testified that appellant had been incarcerated at Lorain Correctional Institution on other occasions; and (3) for failing to move for a mistrial upon admission of certain evidence to which defense counsel objected on the record. This Court disagrees with appellant's assertion that trial counsel was ineffective, so as to deprive appellant of his constitutional right to a fair trial.
 {¶ 11} To establish the existence of ineffective assistance of counsel, appellant must satisfy a two-pronged test:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 43, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 12} Appellant bears the burden of proving that counsel's assistance was ineffective. Hoehn at ¶ 44, citing State v. Smith (1985),17 Ohio St.3d 98, 100. In this regard, there is a "strong presumption 
that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215. In addition, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." Hoehn at ¶ 45, citingState v. Clayton (1980), 62 Ohio St.2d 45, 49. Upon review of the record, this Court finds that appellant has failed to meet the first prong of the test set out in Strickland, 466 U.S. at 687.
 {¶ 13} Appellant first argues that trial counsel was ineffective due to his failure to obtain appellant's medical records in support of appellant's motion to dismiss. However, this Court has already determined that appellant's motion to dismiss was improvidently filed. As appellant's motion to dismiss was not an appropriate pretrial motion, because it challenged the sufficiency of the state's case, trial counsel was not ineffective for failing to obtain evidence in support of the motion.
 {¶ 14} Appellant next argues that trial counsel was ineffective due to his failure to move for dismissal during trial, after one of the state's witnesses testified that he knew appellant from appellant's prior incarcerations at the prison. A review of the record indicates that trial counsel immediately objected to the testimony. The trial court sustained counsel's objection, ordered the testimony stricken, and directed the jury to disregard the challenged testimony. Counsel prevailed upon his objection. Under the circumstances, this Court cannot say that counsel's choice of trial tactics was unsound. Therefore, counsel's performance was not deficient in this respect.
 {¶ 15} Appellant finally argues that trial counsel was ineffective due to his failure to move for a mistrial upon the admission of evidence that appellant had been incarcerated on other occasions; that inmates with discipline problems were placed in the prison segregation unit; that corrections officer Mullins had filed 40 to 45 administrative complaints against various inmates during his tenure with the prison; and upon the playing of an administrative hearing tape involving appellant.
 {¶ 16} This Court reiterates that counsel timely objected to the admission of evidence regarding appellant's prior periods of incarceration and that the trial court ordered the testimony stricken. "The decision to object to the admission of evidence * * * is a trial tactic." State v. Ray (Nov. 22, 1995), 9th Dist. No. 17248. Counsel was not deficient for choosing to object in lieu of moving for mistrial.
 {¶ 17} Counsel did not object or move for mistrial upon corrections officer Mullins' testimony regarding the purpose of the prison segregation unit. Appellant was placed in the segregation unit during his incarceration at Lorain Correctional Institution. The officer's testimony merely clarified the status of that unit. This Court finds that counsel's failure to either object or move for mistrial on the basis of such testimony is relegated to the category of trial tactics. Such tactics were not unsound so as to make counsel's performance deficient.
 {¶ 18} This Court further finds that counsel's performance was not deficient on the basis that he did not move for mistrial upon Officer Mullins' testimony that he had filed numerous administrative complaints against inmates during his tenure with the prison. Trial counsel elicited this information upon his cross examination of the witness. It is nonsensical to believe that a party might move for mistrial upon the admission of testimony that he himself elicited. This Court finds that counsel's performance was not deficient in this regard.
 {¶ 19} Finally, trial counsel argued at great length in opposition to the admission of the administrative hearing tape involving appellant. While the trial court admitted the tape over objection, noting that appellant himself had opened the door to evidence of the administrative hearing, counsel's decision not to move for mistrial falls into the category of trial tactics. This Court finds, therefore, that counsel's performance was not deficient.
 {¶ 20} Given that appellant has not established that trial counsel's performance was deficient, this Court need not consider the second prong of the Strickland test, namely any prejudice to appellant. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The defendant's Sixth Amendment right to have his case heard by a fair and impartial jury was violated when the trial court allowed evidence regarding the defendant's record during the state's case in chief and allowed a tape to be played for the jury regarding an administrative hearing of the appellant."
 {¶ 21} Appellant argues that he did not receive a fair and impartial jury trial because of the admission of certain evidence and defense counsel's failure to preserve issues for appeal and investigate issues relevant to appellant's defense. This Court disagrees.
 {¶ 22} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a fair and impartial jury trial. The constitutional guarantee does not require that the trial be perfect or free from all error. Rather, the trial must only be free from prejudicial error. State v. Shannon (June 11, 1980), 9th Dist. No. 9537. It is axiomatic that harmless error which occurs during a trial does not divest a criminal defendant of his constitutional right to a fair and impartial jury trial.
 {¶ 23} This Court has already found that trial counsel objected to the admission of evidence of appellant's prior criminal record, when corrections officer Mullins testified that appellant had been to Lorain Correctional Institution on several occasions. The trial court sustained the objection and ordered the jury to disregard the testimony. There is a presumption that juries follow the instructions given to them by the judge. State v. Henderson (1988), 39 Ohio St.3d 24, 33. Appellant has not presented any evidence or argument to overcome that presumption. Therefore, this Court cannot say that appellant was deprived of a fair and impartial jury trial or suffered any prejudice as a result of such testimony.
 {¶ 24} This Court has further already found that defense counsel below objected to the admission of the challenged evidence and, in fact, preserved those issues for appeal. In addition, this Court has already found that trial counsel's failure to investigate and obtain appellant's medical records in support of any defense did not prejudice appellant, because appellant's pretrial motion to dismiss in reliance on R.C.2921.38(E) was not appropriate. Under these circumstances, this Court cannot find that appellant was deprived of his constitutional right to a fair and impartial jury trial on these alleged grounds.
 {¶ 25} Appellant argues that his constitutional right was violated, when the trial court allowed the State to play a tape of an administrative hearing involving appellant to the jury. Notwithstanding trial counsel's detailed objection, the trial court found that appellant had opened the door to presentation of evidence regarding his rule infractions at prison, that the evidence on the tape was relevant to appellant's credibility, and that the probative value of the tape outweighed any prejudice to appellant.
 {¶ 26} It is true that appellant was the first to inform the jury that he had been before the prison administrative review board for an infraction. Upon the state's inquiry whether appellant was ever vocal with other corrections officers, appellant testified, "Absolutely not. And the RB said the same." Until this time, there had been no evidence presented to the jury regarding any administrative hearings involving appellant. Any prejudice to appellant was caused by appellant and cannot be attributed to the acts of the trial court.
 {¶ 27} Regarding the playing of a small portion of the administrative hearing involving appellant, the trial court stated that it was appropriate to the issue of appellant's credibility. This Court disagrees but finds that the admission of the tape recording was harmless error.
 {¶ 28} The admission or exclusion of evidence lies within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. This Court should not disturb the trial court's determination regarding an evidentiary matter, unless the trial court abused its discretion. State v. Hardin, 9th Dist. No. 3202-M, 2001-Ohio-1873, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 29} Upon direct examination, appellant testified, "I don't like to be very vocal. I don't communicate with officers, you know." Upon cross examination, the State asked appellant whether he recalled another incident a couple days before the instant one, in which appellant was "quite vocal" with another corrections officer. Appellant denied any such incident and testified that the prison administrative review board found no violation. The State, over appellant's objections, later presented a portion of the administrative hearing tape, in an effort to impeach appellant's credibility. This Court finds that the trial court erred by admitting extrinsic evidence of appellant's specific conduct for impeachment purposes.
 {¶ 30} Evid.R. 608(B) states:
"Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."
 {¶ 31} Evid.R. 616 addresses methods of impeachment. Evid.R. 616(C) states:
"Specific contradiction. Facts contradicting a witness's testimony may be shown for the purpose of impeaching the witness's testimony. If offered for the sole purpose of impeaching a witness's testimony, extrinsic evidence of contradiction is inadmissible * * *"
 {¶ 32} Evid.R. 613 addresses impeachment by self-contradiction. Evid.R. 613(C) states:
"Prior inconsistent conduct. During examination of a witness, conduct of the witness inconsistent with the witness's testimony may be shown to impeach. If offered for the sole purpose of impeaching the witness's testimony, extrinsic evidence of the prior inconsistent conduct is admissible under the same circumstances as provided for prior inconsistent statements by Evid.R. 613(B)(2)."
 {¶ 33} Evid.R. 613(B)(2) requires that the subject matter of the statement be one of the following:
"(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
"(b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(A), 616(B) or 706;
"(c) A fact that may be shown by extrinsic evidence under the common law of impeachment in not in conflict with the Rules of Evidence."
 {¶ 34} Under the circumstances, the State properly inquired of appellant regarding other occasions in which he was vocal with prison corrections officers. Upon appellant's denial of such conduct, however, the State was precluded from proving such conduct by extrinsic evidence. Certainly, whether appellant became "vocal" with another corrections officer was not a fact of consequence to the determination of whether he had spat upon Officer Mullins in regard to the instant charge of harassment by an inmate. Further, the trial court expressly stated that the hearing tape was admissible, because it went to appellant's credibility and his testimony on the stand. Notwithstanding the trial court's finding that the administrative hearing tape's probative value outweighed any prejudice to appellant, admission of the tape for impeachment purposes was error. However, this Court finds that admission of the administrative hearing tape was harmless error.
 {¶ 35} Crim.R. 52(A) addresses harmless error, stating that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." To find that an error in a criminal matter was harmless, this Court must find that the error was harmless beyond a reasonable doubt. Chapman v. California (1967),386 U.S. 18, 17 L.Ed.2d 705, paragraph two of the syllabus; State v.Lytle (1976), 48 Ohio St.2d 391, 403, vacated on other grounds, (1978),438 U.S. 910, 57 L.Ed.2d 1154. This Court, however, may overlook an error where the properly admitted evidence comprises "overwhelming" proof of appellant's guilt. State v. Williams (1983), 6 Ohio St.3d 281, 290.
 {¶ 36} "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown (1992),65 Ohio St.3d 483, 485, citing Lytle, 48 Ohio St.2d at paragraph three of the syllabus. When determining whether the admission of evidence is harmless, therefore, this Court must find "there is no reasonable probability that the evidence may have contributed to the defendant's conviction." Hardin, 2001-Ohio-1873, citing State v. DeMarco (1987),31 Ohio St.3d 191, 195.
 {¶ 37} In the instant case, after a review of the entire record, this Court finds that any prejudice that may have resulted from the admission of the administrative hearing tape involving appellant constitutes harmless error. Officer Mullins testified that appellant spat upon him, as the officer was returning appellant to his cell in the prison segregation unit. Officer Mullins testified regarding the status of the segregation unit, clarifying that it was for inmates with discipline problems and not a mental health unit.
 {¶ 38} Sergeant Orlando Merriweather, employed by Lorain Correctional Institution for fourteen years, testified that he was working in the prison segregation unit at the time of the incident. He testified that he had just spent time with appellant prior to Officer Mullins' escorting appellant back to his cell. Sergeant Merriweather testified that he heard a spitting sound immediately prior to Officer Mullins' return to the sergeant's post. Sergeant Merriweather testified that he observed Officer Mullins wiping spit from his face and shirt. He further testified that Officer Mullins appeared upset and surprised after the incident.
 {¶ 39} Sergeant Merriweather testified that he then went to appellant's cell and asked him, if he spat on Officer Mullins. The sergeant testified that appellant admitted that he had spat on Officer Mullins because of the way the officer and a partner had treated appellant on another occasion.
 {¶ 40} Trooper Kevin Webber of the Ohio State Highway Patrol investigated the incident. He testified that appellant denied the incident. He testified that neither Officer Mullins nor appellant informed the investigating agency that there were other witnesses to the incident. At trial, however, appellant testified that he had a cellmate named Jamie, who was present during appellant's return to the cell. Appellant failed to call Jamie to the stand, however. The State, in rebuttal, presented evidence tending to show that appellant had no cellmate on the day of the incident.
 {¶ 41} The totality of the properly admitted evidence tending to prove that appellant, while confined in a detention facility, spat upon Officer Mullins, with the intent to harass, annoy, threaten or alarm the officer constituted overwhelming evidence of appellant's guilt. Having found that there is no reasonable probability that the evidence of appellant's prior administrative hearing contributed to his conviction, this Court overrules appellant's third assignment of error.
 ASSIGNMENT OF ERROR IV
"The appellant's conviction for harassment by an inmate must be reversed as against the manifest weight of the evidence."
 {¶ 42} Appellant argues that his conviction is against the manifest weight of the evidence, because there is no evidence that appellant spat on corrections officer Mullins. He further argues that there were no witnesses to the incident and no credible evidence that the incident occurred. This Court disagrees.
"In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, paragraph one of the syllabus.
 {¶ 43} This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. Id. Further, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." Hoehn, 2004-Ohio-1419, at ¶ 37, quoting Statev. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 44} In the instant case, appellant was convicted of harassment by an inmate, in violation of R.C. 2921.38(A), which provides:
"No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."
 {¶ 45} This Court has already reiterated the testimony presented for the jury's consideration. Specifically, there was no dispute that appellant was confined in a detention facility at the time of the incident. There was unrebutted testimony that the segregation unit in which appellant was then housed was used to segregate inmates with disciplinary problems. Further, the testimony adduced at trial indicated that there was a separate mental health "pod" at the prison, and the mental health pod and segregation unit were separate and distinct units. There was no evidence to indicate that the prison segregation unit was operated by the department of mental health or the department of mental retardation and developmental disabilities.
 {¶ 46} The victim, Officer Mullins, testified that he was looking directly at appellant when appellant spat on his right cheek, neck and shoulder areas, as the officer was closing the cell door after returning appellant to his cell. The officer testified to the color and consistency of the saliva and asserted that appellant had pursed his lips upon spitting. Sergeant Merriweather testified that he heard a spitting sound just prior to Officer Mullins' reporting to him. The sergeant testified that he saw saliva on Officer Mullins' face and uniform.
 {¶ 47} Furthermore, the sergeant testified that, when he confronted appellant about the incident, appellant admitted that he spat on appellant in retribution for earlier perceived ill treatment of appellant by the victim and another corrections officer. Appellant reported to the investigating highway patrol officer, however, that he denied spitting on Officer Mullins. Appellant further testified that he had a cellmate at the time, who might have been able to verify appellant's version of the events. Appellant failed to call the alleged cellmate as a witness, and the State's rebuttal witness ultimately established through prison records that appellant had no cellmate during the time of the incident.
 {¶ 48} Sergeant Merriweather testified that Officer Mullins appeared both upset and surprised by the incident, while appellant appeared unmoved. Officer Mullins testified that he was angry after the incident and that he worried about what kind of diseases might be passed through saliva.
 {¶ 49} A thorough review of the record compels this Court to find no indication that the jury lost its way and committed a manifest miscarriage of justice in convicting appellant of harassment by an inmate. This Court finds that appellant's conviction was not against the manifest weight of the evidence and, further, that there was sufficient evidence to support the jury's verdict in this case. Consequently, appellant's fourth assignment of error is overruled.
 {¶ 50} Having overruled appellant's four assignments of error, appellant's conviction is affirmed.
 III. {¶ 51} Appellant's four assignments of error are overruled. Accordingly, appellant's conviction for harassment by an inmate out of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Baird, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)