[Cite as *State v. Martin*, 2017-Ohio-2794.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MARKUS MARTIN

    Appellant

C.A. No.     15CA010888

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR089904

DECISION AND JOURNAL ENTRY

Dated: May 15, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Markus Martin appeals his convictions in the Lorain County Court of Common Pleas. For the reasons that follow, we affirm.

I.

{¶2} This matter arises from the shooting death of Davion Strupe. A group of about fifteen people believed that Mr. Strupe had broken into the home of Martin's brother. When the group located Mr. Strupe in a residence, a number of them pulled him out of the house and began to beat him. The group included Martin and Tristen Belfiore. As Mr. Strupe was escaping from the group, Belfiore shot him. The shooting resulted in Mr. Strupe's death. Multiple witnesses stated they heard Martin giving orders during the beating and that he yelled to Belfiore to shoot Mr. Strupe as he was escaping from the group.

{¶3} The Lorain County Grand Jury subsequently indicted Martin on the following eleven counts: (I) aggravated murder in violation of R.C. 2903.01(B), a special felony, with two

gun specifications; (II) murder in violation of R.C. 2903.02(A), a special felony, with two gun specifications; (III) murder in violation of R.C. 2903.02(B), a special felony, with two gun specifications; (IV) kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree; (V) kidnapping in violation of R.C. 2905.01(B)(1), a felony of the first degree; (VI) aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree; (VII) felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; (VIII) felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with two gun specifications; (IX) felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; (X) burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; (XI) aggravated riot in violation of R.C. 2917.02(A)(2), a felony of the fourth degree.

{¶4} Martin pleaded not guilty and the matter proceeded through the pretrial process. Following a jury trial, the State dismissed the one-year firearm specification on counts one, two, three, and eight. Subsequently, a jury found Martin not guilty of aggravated murder, but guilty of the remaining counts in the indictment. However, the jury found Martin not guilty of the attendant three-year firearm specifications on counts one, two, three, and eight. Additionally, the jury made the special findings with regard to the charge of murder in count three that Martin committed the murder of Mr. Strupe as a proximate result of committing or attempting to commit (1) kidnapping as defined in counts four and five; (2) aggravated burglary as defined in count six; and (3) burglary as defined in count ten. The trial court sentenced Martin according to law.

{¶5} Martin filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**Defense counsel's failure to object, move to strike, or request a limiting instruction in response to a witness's unsolicited statement that the appellant**

**had been in prison and the failure to request a Daubert hearing on the accuracy of the extraction procedure for text messaging deprived the defendant of his right to effective assistance of counsel.**

{¶6} In his first assignment of error, Martin contends he received ineffective assistance of counsel when his trial counsel: (1) elicited testimony during cross-examination concerning the relationship between Belfiore and Martin; (2) failed to object, move to strike, or request a limiting instruction in response to a witness's statement; and (3) failed to request a *Daubert* hearing. We disagree.

{¶7} In order to prevail on a claim of ineffective assistance of counsel, Martin "must establish (1) that his counsel's performance was deficient to the extent that 'counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment' and (2) that but for his counsel's deficient performance the result of the trial would have been different." *State v. Velez*, 9th Dist. Lorain No. 13CA010518, 2015-Ohio-642, ¶ 18, quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This court need not address both prongs of the *Strickland* test if it should find that Martin failed to prove either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10. A trial counsel's performance will not be deemed ineffective unless it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), paragraph two of the syllabus. Further, there exists a strong presumption of the adequacy of counsel's performance and that counsel's actions were sound trial tactics. *State v. Hoehn*, 9th Dist. Medina No. 03CA0076-M, 2004-Ohio-1419, ¶ 45. Moreover, "debatable trial tactics do not give rise to a claim of ineffective assistance of counsel." *Id.* citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶8} First, Martin contends that his trial counsel was ineffective when he elicited testimony from the detective regarding the relationship between Belfiore and Martin because

"[t]here is no strategic reasoning within the professional norm for defense counsel to attempt to elicit how close Belfiore and Martin were at the time of the shooting." The specific exchange that Martin points to occurred when his trial counsel cross-examined a detective who investigated Mr. Strupe's murder. That exchange went as follows:

Q: Did you receive any information concerning the relationship between Tristen Belfiore and Markus Martin?

A: Yes, sir.

Q: What kind of information did you receive?

A: I was informed it was more like a brothership style, that he looked up to [Martin].

Q: Okay. Who informed you of that?

A: Tristen [Belfiore].

Q: So you – he made a statement?

A: Technically, I'm not sure if that's admissible anymore.

Court: that's not your job.

A: Okay. Then, yes, he did make a statement. Sorry.

Q: Okay. So they are like brothers?

A: Yes, sir. He stated he looked up to him.

Q: Okay. Did they live together?

A: No, sir.

Q: Okay. How much time did they spend together?

A: I don't recall exactly, but I believe [Belfiore] said it was two or three times a week once he and [Martin] got of prison.

{¶9} Generally, a trial counsel's decision to cross-examine a witness and the extent of that cross-examination are tactical matters. *State v. Likosar*, 9th Dist. Medina No. 03CA0063-M,

2004-Ohio-114, ¶ 26, citing *State v. Flors*, 38 Ohio App.3d 133, 139 (8th Dist.1987). "Debatable trial tactics generally do not constitute a deprivation of effective counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). Additionally, this court has recognized that decisions regarding cross-examination are within the trial counsel's discretion and "'cannot form the basis for a claim of ineffective assistance of counsel.'" *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 23, quoting *State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26.

{¶10} Martin states in his merit brief that "[t]he defense strategy was that Belfiore acted on his own totally independent of Martin." Accordingly, trial counsel's line of questioning could have been an attempt to show that Martin and Belfiore were either not that close or were equals. Trial counsel could have also been attempting to show that the claim Martin and Belfiore were like brothers had come solely from Belfiore. Further, eliciting the testimony that Belfiore had been in prison may have aided the defense's strategy by showing that Belfiore was capable of acting criminally independent of Martin. Thus, trial counsel's questions regarding Belfiore and Martin's relationship fit within the defense's theory. "We do not use hindsight to judge instances of trial strategy that backfire." *State v. Stragisher*, 7th Dist. Columbiana No. 03 CO 13, 2004-Ohio-6797, ¶ 18. "The end result of tactical trial decisions need not be positive in order for counsel to be considered effective." *State v. Heer*, 10th Dist. Franklin No. 97APA12-1670, 1998 WL 655383, *8 (Sept. 24, 1998). Accordingly, we determine that Martin's trial counsel was not ineffective for pursuing this line of questioning.

{¶11} Martin next contends his trial counsel was ineffective when he failed to object, move to strike, or request a limiting jury instruction when the detective mentioned that Martin had been in prison. "However, this Court has consistently held that 'trial counsel's failure to

make objections falls within the realm of trial tactics and does not establish ineffective assistance of counsel.'" *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27, quoting *State v. Taylor*, 9th Dist. Lorain No. 01CA007945, 2002-Ohio-6992, ¶ 76. Additionally, a review of the record shows that Martin's trial counsel immediately moved to another line of questioning and there were no further discussions regarding Martin's previous prison stay. As such, Martin "has not shown that his counsel's failure to object was not, in fact, a strategic decision" since "defense counsel 'may well have chosen to let [the statement] pass quietly rather than draw attention to it by raising an objection.'" *State v. Litten*, 9th Dist. Summit No. 26812, 2014-Ohio-577, ¶ 46, quoting *State v. Blanch*, 9th Dist. Summit No. 18780, 1998 WL 597658, * 4 (Sept. 2, 1998). Accordingly, we cannot say that Martin's trial counsel was ineffective for failing to object, move to strike, or request a limiting instruction.

{¶12} Moreover, Martin did not point to any evidence to show that he was prejudiced by the introduction of testimony describing his relationship with Belfiore as brotherly or by the reference to his previous incarceration. Instead, Martin suggests that the "unfair prejudice" "need not be explained." However, [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel." *State v. Leyland*, 9th Dist. Summit Nos. 23833, 23900, 2008-Ohio-777, ¶ 7, citing *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 27. "In demonstrating prejudice, the defendant must prove that 'there exists a reasonable probability that, were it not for counsel's errors the result of the trial would have been different.'" *State v. Leach*, 9th Dist. Summit No. 22369, 2005-Ohio-2569, ¶ 35, quoting *Bradley*, 42 Ohio St.3d 136 at paragraph three of the syllabus.

{¶13} Finally, Martin contends his trial counsel was ineffective for failing to request a hearing in order to challenge the scientific reliability of the software used to recover the deleted

data from his cell phone pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). However, the detective's testimony was not expert testimony under Evid.R. 702 and *Daubert*. Accordingly, Martin's trial counsel did not render ineffective assistance of counsel for failing to request such a hearing. *See State v. Daniel*, 8th Dist. Cuyahoga No. 103258, 2016-Ohio-5231, ¶ 69 (recognizing that lay opinion testimony is not subject to an Evid.R. 702/*Daubert* analysis).

{¶14} Therefore, Martin's first assignment of error is overruled.

## Assignment of Error II

**The trial court erred by allowing the contents of text messaging into evidence as the contents failed to meet an exception to the rules of evidence and/or resulted in unfair prejudice because the limited probative value was far outweighed by the danger of misuse by the jury.**

{¶15} In his second assignment of error, Martin argues that the trial court erred when it allowed the State to admit text messages into evidence since no exception to the rule against hearsay applied in this case. He further contends that the trial court erred because the danger of unfair prejudice far outweighed the probative value of the text messages. We note that Martin does not challenge the authenticity of the text messages.

{¶16} The text message exchanges at issue occurred between: (1) Martin and his girlfriend; (2) Martin and a person referred to as "Squad;" and (3) Martin and a person referred to as "Adreian." Martin's girlfriend texted his phone about two hours after the incident, stating, "SMH, Markus, I just can't deal." Martin responded, "Wat u talking bout? I really ain't do s**t but fight on my unborn !!!!!!!" His girlfriend replied, "this the life you live … I respect it … But I won't no parts…When s**t get serious like this , idk about you && how yhu feel but I got kids and this to much … Goodnight tho !." Martin responded with "I'm cooling from here on out. It's been too many run-ins with bulls**t." His girlfriend replied, "Doubt it."

**{¶17}** At approximately the same time that Martin was texting his girlfriend, he also had a text exchange with Squad. Martin sent Squad the message, "Tristen bodied ole boy." Adreian responded, "I kno where he at." Martin replied, "Still stuck in Megan's right by da body," to which Squad responded, "D***." Martin then sent a message to Squad stating, *"I know lil homey on stuck rite now bout to s**t on his self when I gave him dat call."* (Emphasis added.)

**{¶18}** Shortly after the text exchange with Squad, Adreian sent Martin a message stating, "Make sure yo PPL keep s**t under wraps bro at fat house," then a correction stating "Dat house." Approximately a half an hour later, Adreian again texted Martin, asking, "Where at?" and "Da white b***h with da dogs???" Martin responded with, "Yea," to which Adreian replied, "I am there ASAP tomorrow…WYA." Martin then responded, "On da north" and "Da n***a D.O.A.??"

**{¶19}** "The decision to admit or exclude evidence at trial lies within the sound discretion of the trial judge, and the court's decision will not be reversed absent a showing of an abuse of discretion." *State v. Stover*, 9th Dist. Wayne No. 13CA0035, 2014-Ohio-2572, ¶ 7. An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.2d 217, 219 (1983).

**{¶20}** Hearsay is inadmissible except as otherwise provided in the Ohio Rules of Evidence or other relevant constitutional or statutory provisions. Evid.R. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). However, a statement is not hearsay if the statement is the party's own and is offered against that party. Evid.R. 801(D)(2)(a). Additionally, this Court has recognized that statements made by

other individuals can be admitted as non-hearsay statements to show the context for a defendant's admission. *See State v. Townsend*, 9th Dist. Summit No. 27316, 2015-Ohio-1124, ¶ 13; *see also* Evid.R. 801(C).

{¶21} Therefore, since the State sought to have the above text messages admitted as (1) an admission against the defendant and (2) to show the context in which that admission was made, we cannot say that the trial court abused its discretion by allowing the text messages to be admitted into evidence.

{¶22} Martin next contends that even if the text messages were admissible under the hearsay rule, the messages should have been excluded because the danger of unfair prejudice far outweighed their probative value. Specifically, Martin argues that whether or not Martin yelled for Belfiore to shoot Mr. Strupe was in dispute during the trial and that a "confusing text message allowed the state to argue that Martin admitted doing so."

{¶23} Pursuant to Evid.R. 403(A), relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issue or of misleading the jury." "Evid.R. 403 speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant." *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107. "The Supreme Court has stated the 'relevant evidence, challenged as being outweighed by its prejudicial effects, should be viewed in a light most favorable to the proponent of the evidence, maximizing its probative value and minimizing any prejudicial effect to one opposing admission'" *State v. Ellis*, 9th Dist. Summit No. 27013, 2014-Ohio-4186, ¶ 26, quoting *State v. Frazier*, 73 Ohio St.3d 323, 333 (1995).

{¶24} After reviewing the record, we determine that the trial court did not abuse its discretion by allowing the State to admit the text messages. The text messages at issue were highly probative to the issue of whether Martin shouted for Belfiore to shoot Mr. Strupe in that the text showed Martin's involvement using his own words. Any unfair prejudicial value of Martin's "confusing" text was minimized by the admittance of additional text messages to show the context in which the statement was made as well as the admittance of a jailhouse call wherein Martin can be heard making a similar statement.

{¶25} Therefore, Martin's second assignment of error is overruled.

### III.

{¶26} Martin's assignments of error are overruled. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶27} I would decide the first assignment of error solely on the basis that Martin has not demonstrated prejudice.

<u>APPEARANCES:</u>

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.