DECISION AND JOURNAL ENTRY
{¶ 1} Petitioner-Appellant Keith Maruna has appealed from a decision of the Summit County Court of Common pleas that denied his petition for post-conviction relief. This Court reverses and remands.
 I {¶ 2} On March 28, 2002, Appellant was indicted by the Summit County Grand Jury on one count of aggravated arson, in violation of R.C. 2909.02(A)(1); one count of arson, in violation of R.C.2909.03(A)(4); and one count of vandalism, in violation of R.C.2909.05(A). A secret supplemental indictment was issued on April 12, 2002, in which Appellant was indicted on two counts of aggravated arson, in violation of R.C. 2909.02(A)(1); one count of arson, in violation of R.C. 2909.02(A)(3); and unlawful possession of dangerous ordinance, in violation of R.C.2923.17(A). Appellant pleaded not guilty to the crimes as charged in the indictments and the matter was set for trial. Before trial, Appellant entered into a plea agreement with the prosecution. Pursuant to the plea agreement, Appellant pleaded guilty to the charges of aggravated arson, two counts of arson, and one count of unlawful possession of a dangerous ordnance; the remaining charges were dismissed. On July 17, 2002, the trial court sentenced Appellant to seven years incarceration on his aggravated arson conviction; eighteen months incarceration on each conviction for arson; and one year for his conviction of unlawful possession of a dangerous ordnance; the sentences were to be served concurrently to one another.
 {¶ 3} On August 14, 2002, Appellant appealed the trial court's judgment entry of sentencing to this Court. State v.Maruna (Mar. 12, 2003), 9th Dist. No. 21214, 2003-Ohio-1137. In his appeal, Appellant argued that 1) the trial court erred in imposing greater than the minimum sentence in each conviction; and 2) the trial court erred in imposing the maximum prison terms for his convictions on arson and unlawful possession of a dangerous ordnance. This Court affirmed in part, and reversed in part, the decision of the trial court. With respect to Appellant's argument that the trial court erred in imposing the maximum sentence for his convictions for arson and unlawful possession of a dangerous ordnance, this Court explained that the trial court failed to set forth the requisite findings for imposition of a maximum term. Maruna, 2003-Ohio-1137, at ¶ 13. "To impose the maximum sentence, the trial court is required to find on the record one of the following: that appellant committed the worst form of the offense, or he is an offender posing the most likelihood of committing future crimes, or he falls within one of the two special categories of certain major drug offenders or repeat violent offenders." Id. This Court vacated the trial court's sentence and the matter was remanded to the trial court.
 {¶ 4} Appellant appealed that part of this Court's decision which affirmed the imposition of greater than the minimum sentence on each count for which he was charged and in which this Court held that "the trial court complied with R.C. 2929.14(B) when it sentenced appellant to more than the minimum sentence[.]" Id. The Ohio Supreme Court accepted the appeal for review and on August 27, 2003, the Ohio Supreme Court reversed our decision, and remanded the cause for resentencing on the authority ofState v. Comer (2003), 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 5} While Appellant's direct appeal was pending before the Ohio Supreme Court, he filed a petition for post-conviction relief on March 24, 2003. Appellant alleged that he was denied the effective assistance of counsel prior to entering into a plea agreement, as well as during the plea bargaining and sentencing phase of his case. The prosecution filed a motion to dismiss Appellant's petition for post-conviction relief. Before the trial court ruled on his petition for post-conviction relief, Appellant filed a motion for modification of his sentence, wherein he requested the trial court to modify the prior sentence of seven years incarceration for his conviction of aggravated arson. On April 8, 2003, the trial court resentenced Appellant to seven years incarceration on his aggravated arson conviction; seventeen months incarceration on each conviction for arson; and eleven months for his conviction of unlawful possession of a dangerous ordnance. The sentences were to be served concurrently to one another.
 {¶ 6} On May 12, 2003, the trial court denied Appellant's petition for post-conviction relief, holding that Appellant "failed to meet his initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel or that he was prejudiced by counsel's ineffectiveness."
 {¶ 7} Appellant has timely appealed, asserting three assignments of error. We have rearranged and consolidated his assignments of error to facilitate review.
 II Assignment of Error Number Two
"The Trial Court abused its discretion and erred in denying an evidentiary hearing on appellant's post-conviction petition."
 {¶ 8} In Appellant's second assignment of error, he has argued that the trial court abused its discretion when it failed to hold an evidentiary. This Court agrees.
 {¶ 9} An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998),126 Ohio App.3d 316, 324. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 10} A petitioner is not automatically entitled to a hearing on a petition for post-conviction relief pursuant to R.C.2953.21. State v. Cole (1982), 2 Ohio St.3d 112, 113. R.C.2953.21(C) states that "[b]efore granting a hearing * * * the court shall determine whether there are substantive grounds for relief." That is, a court must determine whether there are grounds to believe that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. R.C. 2953.21(A)(1). The test for obtaining a hearing when a petition for post-conviction relief is filed is set forth inState v. Jackson (1980), 64 Ohio St.2d 107, syllabus:
"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Jackson, 64 Ohio St.2d at syllabus; see, also, State v. Ross (June 18, 1997), 9th Dist. No. 96CA006601, at 3-4, discretionary appeal not allowed (1997),80 Ohio St.3d 1431.
 {¶ 11} Pursuant to Jackson a petition for post-conviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts. Jackson,
64 Ohio St.2d at syllabus; see, also, State v. Scott (1989),63 Ohio App.3d 304, 307. If a trial court denies a petition for post-conviction relief, it must make and file findings of fact and conclusions of law with respect to such dismissal. R.C.2953.21(C).
 {¶ 12} Here, Appellant has argued that he was denied the effective assistance of counsel when "[a]ppointed counsel made no effort to meet with Appellant and as a result failed to determine Appellant's limited role in the offense and his diminished capacity at the time the offenses were committed." Appellant has also cited other examples of ineffective assistance of trial counsel and has maintained that "[t]he appointed lawyer failed to request a competency evaluation, failed to move for severance from co-defendant , failed to advise Appellant of the consequences and anticipated results of his pleas and failed to adequately represent him at sentencing."[1]
 {¶ 13} The record reveals that the trial court was presented with an affidavit Appellant attached to his petition for post-conviction relief to determine the substantive grounds of this petition. In the affidavit, Appellant swore that his trial counsel never: scheduled any meetings with him inside his office; visited Appellant's home and that trial counsel only met Appellant in the courthouse; attempted to determine which defendant threw the bottle of gasoline at the victim's house; discussed psychological counseling and assessments Appellant had undergone prior to committing the offenses for which he was convicted; suggested the possibility of an insanity defense or the use of the psychological assessments during plea negotiations; discussed the supplemental indictment; discussed or explained the amount of time the trial court could impose on Appellant for pleading guilty; met with Appellant or advised Appellant before he entered his plea; and explained to the trial court the psychological problems Appellant had prior to committing the offenses for which he was convicted nor did trial counsel relate to the trial court any of the "good things [Appellant] had done in [his] life prior to this time nor did [trial counsel] point out that [the co-defendant] had previous vandalism charges." Also attached to Appellant's motion was a sworn affidavit from his mother, Kathleen Maruna; two letters from a licensed social worker that briefly summarized Appellant's treatment history; and a transcript of the sentencing hearing.
 {¶ 14} Appellant has contended that the "trial court never discussed the credibility of the [a]ffidavits and made no finding that the allegations were untrue. * * * Being unrebutted and with no adverse findings regarding credibility, surely this evidence constitutes substantive grounds for relief, entitling Appellant to an evidentiary hearing."
 {¶ 15} In most cases, "every affidavit submitted by a post-conviction relief petitioner is to some degree or another `self-serving[.]' [However,] such affidavits should not lightly be deemed false as they are by definition a statement that the affiant has sworn to be truthful and made under penalty of perjury." State v. Padgett (Dec. 10, 1999), 2nd Dist. No. 17658, 1999 Ohio App. LEXIS 5867, at *8, citing State v.Calhoun (1999), 86 Ohio St.3d 279, 284. "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun,86 Ohio St.3d at 284. Furthermore, broad conclusory allegations are insufficient to entitle the petitioner to an evidentiary hearing.State v. Pankey (1981), 68 Ohio St.2d 58, 59.
 {¶ 16} This Court is mindful that "[j]udicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." State v. Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305, at ¶ 24, quoting Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, we find that the affidavits attached to Appellant's petition for post-conviction relief, as well as the letters authored by Mr. David Watts, a licensed social worker, were credible and provided sufficient operative facts to demonstrate the lack of competent counsel and that Appellant was prejudiced by trial counsel's ineffectiveness. As such, this Court finds that the trial court abused its discretion when it denied Appellant's petition for post-conviction relief without an evidentiary hearing.
 {¶ 17} Appellant's second assignment of error is well taken.
 Assignment of Error Number One
"The Trial Court abused its discretion and erred in denying appellant's post-conviction petition which alleged denial of effective assistance of trial counsel."
 Assignment of Error Number Three
"The Trial Court failed to make sufficient findings of fact and conclusions of law in denying appellant's post-conviction petition and in denying an evidentiary hearing."
 {¶ 18} In light of our disposition of Appellant's second assignment of error, we decline to address Appellant's first and third assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 19} Appellant's second assignment of error is sustained; we decline to address his first and third assignments of error. The judgment of the trial court is reversed and the matter is remanded for an evidentiary hearing on Appellant's petition for post-conviction relief.
Judgment reversed, and cause remanded.
Baird, P.J., and Carr, J., concur.
[1] In his petition, Appellant argued that "[i]t is the totality of the circumstances that results in a conclusion that [Appellant's] guilty pleas were not knowingly, intelligently and voluntarily made." However, Appellant has not specifically attacked the validity of his guilty plea. In Appellant's appeal from the denial of his petition for post-conviction relief, he has only raised the argument that he was denied the effective assistance of counsel.