DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard W. Cooey, II, appeals the decision of the Summit County Court of Common Pleas, which dismissed his motion for postconviction relief. This Court affirms.
 I. {¶ 2} On December 5, 1986, a three judge panel of the Summit County Court of Common Pleas found defendant guilty of two counts of aggravated murder, two counts of kidnapping, four counts of rape, two counts of aggravated robbery, and one count of felonious assault. The panel sentenced him to death on the two counts of aggravated murder and to 48 to 140 years incarceration on the other counts. Appellant's convictions and sentences were affirmed on direct appeal by this Court in State v. Cooey (Dec. 23, 1987), 9th Dist. No. 12943, and by the Supreme Court of Ohio.State v. Cooey (1989), 46 Ohio St.3d 20, cert. denied, Cooeyv. Ohio (1991), 499 U.S. 954, 113 L.Ed.2d 482.
 {¶ 3} On February 6, 1992, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21, alleging sixty-five claims for relief. The Summit County Court of Common Pleas dismissed the petition. This Court affirmed the dismissal.State v. Cooey (May 25, 1994), 9th Dist. Nos. 15895 and 15966.
 {¶ 4} Appellant filed a second motion for postconviction relief on July 17, 2003. The State responded with a motion to dismiss said petition on July 18, 2003. The trial court dismissed appellant's petition, holding that it lacked jurisdiction to hear the matter.
 {¶ 5} Appellant timely appealed, setting forth seven assignments of error for review. For the reasons set forth below, this Court will not address the merits of appellant's present appeal.
 II. {¶ 6} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. R.C. 2953.21. R.C. 2953.21(A)(2) provides, in pertinent part:
"[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 7} Furthermore, R.C. 2953.23(A) provides, in pertinent part:
"[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in [R.C.2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"
 {¶ 8} In the case sub judice, appellant has failed to satisfy the criteria set forth in R.C. 2953.23(A) to allow the trial court jurisdiction to hear his second petition for postconviction relief. Appellant has not demonstrated that he was "unavoidably prevented" from discovery of the facts upon which he must rely to present the claim for relief. R.C. 2953.23(A)(1)(a). Nor has appellant asserted that his claim was based on a new federal or state right recognized by the United States Supreme Court. R.C.2953.23(A)(1)(b). Finally, appellant cannot demonstrate that "but for constitutional error at trial," no reasonable factfinder would have found him guilty of aggravated murder, kidnapping, rape, aggravated robbery, and felonious assault. R.C.2953.23(A)(2). This Court finds appellant failed to satisfy the criteria set forth at R.C. 2953.23(A) governing successive petitions for postconviction relief and, therefore, the trial court was without jurisdiction to consider the merits of appellant's petition.
 {¶ 9} As the trial court lacked jurisdiction to consider appellant's petition, it was not required to hold an evidentiary hearing. See State v. Furcron (Feb. 17, 1999), 9th Dist. No. 98CA007089; State v. Flowers (Nov. 12, 1998), 9th Dist. No. 2842-M. Consequently, this Court finds that the trial court did not abuse its discretion in dismissing appellant's second postconviction petition without a hearing.
 III. {¶ 10} Accordingly, the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J. Batchelder, J. concur