DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joseph Gorospe ("Gorospe"), appeals the judgment of the Summit County Court of Common Pleas which denied his petition for post conviction relief. This Court affirms.
 I. {¶ 2} On December 6, 2006, Gorospe was indicted on five counts, including one count of aggravated murder pursuant to R.C. 2903.01(B); one count of murder pursuant to R.C. 2903.02(B); one count of kidnapping pursuant to R.C. 2905.01(A)(2) (3); one count of tampering with evidence pursuant to R.C. 2921.12(A)(1); and one count of domestic violence pursuant to R.C. 2919.25(A). On December 13, 2006, Gorospe was arraigned and pled not guilty to all of the pending charges. On April 16, 2007, pursuant to plea agreement, Gorospe retracted his plea of not guilty in open court and pled guilty to the charges of murder, kidnapping, tampering with evidence, and domestic violence. As part of the plea agreement, the *Page 2 
charge of aggravated murder was dismissed. As a result of his plea, Gorospe was sentenced to prison for 15 years to life for punishment of murder (Count 2), 5 years for punishment of kidnapping (Count 3), 3 years for punishment of tampering with evidence (Count 4), and 6 months for punishment of domestic violence (Count 5). The sentences for Counts 2 through 4 were to run consecutively with each other, but concurrently with Count 5.
 {¶ 3} On November 13, 2007, Gorospe filed a petition for post-conviction relief. On January 10, 2008, Gorospe filed a motion for summary judgment in respect to the petition for post-conviction relief. On February 6, 2008, the trial court entered an order denying Gorospe's motion for summary judgment, and denying his petition for post-conviction relief without a hearing upon finding that Gorospe did not present substantive grounds for relief. Gorospe timely appeals. This Court rearranges some assignments of error and consolidates others to facilitate review.
 II. ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN DISMISSING THE PETITION BECAUSE THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM PROVIDED A SUBSTANTIVE CONSTITUTIONAL BASIS FOR REVERSING THE CONVICTIONS AND SENTENCES IN VIOLATION OF PETITIONER'S RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS, A FAIR HEARING, AND TO PRESENT EVIDENCE ON HIS BEHALF UNDER THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNTITED STATES CONSTITUTION." ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS, A FAIR HEARING, AND TO PRESENT EVIDENCE ON HIS BEHALF UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION." *Page 3 
 {¶ 4} Gorospe argues that the trial court erred in denying his request for a hearing on his petition for post-conviction relief, and ultimately in denying his petition which was based on a claim of ineffective assistance of counsel. This Court disagrees.
 {¶ 5} "An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard." State v. Pordash, 9th Dist. No. 05CA008673,2005-Ohio-4252, at ¶ 11, quoting State v. Houser, 9th Dist. No. 21555,2003-Ohio-6811, at ¶ 12. Abuse of discretion entails more than a mere error in judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." State v.White, 118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 45, quoting State v.Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 58.
 {¶ 6} The statutory framework of post-conviction relief is set forth in R.C. 2953.21 and "provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds." State v. Cooey, 9th Dist. No. 21672,2004-Ohio-1428, at ¶ 6.
 {¶ 7} However, "[a] petitioner is not automatically entitled to a hearing on a petition for post-conviction relief pursuant to R.C. 2953.21." State v. Maruna, 9th Dist. No. 21595, 2004-Ohio-730, at ¶ 10, citing State v. Cole (1982), 2 Ohio St.3d 112, 113. Specifically, R.C. 2953.21(C) provides: "Before granting a hearing * * * the court shall determine whether there are substantive grounds for relief."
 {¶ 8} To prevail on a claim for ineffective assistance of counsel, the appellant has the burden of meeting the test established inStrickland v. Washington (1984), 466 U.S. 668. State v. *Page 4 Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17. UnderStrickland, a defendant must first show that counsel's performance was deficient. Id., citing State v. Xie (1992), 62 Ohio St.3d 521, 524. "Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty."Gegia at ¶ 17, citing Xie, supra. However, a strong presumption exists that attorneys in Ohio are competent. State v. Watson (July 30, 1997), 9th Dist. No. 18215. In addition, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." State v.Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 45, quoting In Re:Simon (June 13, 2001), 9th Dist. No. 00CA0072.
 {¶ 9} More specific to the issue at hand, the Supreme Court of Ohio inState v. Jackson (1980), 64 Ohio St.2d 107, sets forth a test for obtaining a hearing for a petition for post-conviction relief claiming ineffective assistance of counsel which provides: "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at syllabus.
 {¶ 10} However, where "the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts[,]" such "a petition for post-conviction relief is subject to dismissal without a hearing[.]" Maruna at ¶ 11, citing Jackson, 64 Ohio St.2d at syllabus. In the event that a trial court denies a petition for post-conviction relief, the court must make and file findings of fact and conclusions of law supporting their denial. R.C. 2953.21(C).
 {¶ 11} In the case at hand, Gorospe argues that the trial court erred in denying his petition for post-conviction relief because he had been prejudiced by his trial counsel's *Page 5 
ineffective assistance. Ultimately, Gorospe reasserts his argument from his petition for post-conviction relief and argues on appeal that his counsel "failed to properly investigate [his] mental and emotional state which was the key to every single defense or lesser charge available to [him] and which is also a relevant and mitigating factor with respect to both plea bargaining and sentencing[,]" and that "[b]ut for counsel's ineffectiveness, [he] has maintained that he would not have entered a guilty plea but would have proceeded to trial had counsel fulfilled his duty to his client to investigate his mental health background and explained the significance of the results to [him]."
 {¶ 12} However, the trial court found that Gorospe failed to present "substantive grounds for relief[,]" and Gorospe has failed on appeal to show that the trial court abused its discretion in finding he did not provide adequate "evidentiary documents containing sufficient operative facts" that show his counsel did not act competently. SeeJackson, supra. Furthermore, in the event his counsel was found ineffective, Gorospe also failed to show how he was prejudiced by counsel's ineffectiveness.
 {¶ 13} Gorospe's main argument in regard to ineffectiveness is that trial counsel did not sufficiently investigate his mental health because counsel did not have Gorospe undergo a psychiatric evaluation. In support of his argument, Gorospe provided affidavits from himself; Andrea Gorospe, his mother; Keith Yeazel, an attorney; and Dr. Martin T. Ryan, M.D., a clinical psychiatrist. The collective focus of the affidavits was to show that if trial counsel had inquired into his mental health, and if he had subjected Gorospe to a psychiatric evaluation, that Gorospe would have been found to have lacked the requisite mental state to be convicted of the crime of murder. However, as noted by the Supreme Court of Ohio in State v. Wilcox (1982),70 Ohio St.2d 182, at paragraph two of the syllabus, "[a] defendant may not offer expert psychiatric *Page 6 
testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." Therefore, even in the event that Gorospe had been subjected to a psychiatric evaluation, the testimony of the psychiatrist would not be relevant to Gorospe's cause because he has not claimed the defense of insanity. Accordingly, Gorospe's argument fails to show how he was prejudiced by not being subjected to a mental health evaluation.
 {¶ 14} Ultimately, the trial court properly found that Gorospe failed to meet his burden to sustain a successful petition for post-conviction relief. Furthermore, because the trial court properly determined that Gorospe failed to submit sufficient operative facts to support his sole claim of ineffective assistance of counsel, the trial court properly dismissed Gorospe's petition without a hearing. See Maruna at¶ 11.
 {¶ 15} A thorough review of the record shows that the trial court did not abuse its discretion in denying Gorospe's petition for post-conviction relief without a hearing. Gorospe failed to present sufficient operative facts to demonstrate the lack of competent counsel and, more specifically, how he was prejudiced by such ineffectiveness. In light of this, it cannot be said that the trial court acted in an unreasonable, arbitrary or unconscionable fashion. Therefore, this Court will not overrule the findings of the trial court which were based on competent and credible evidence. Gorospe's third and fourth assignments of error are overruled
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT REFUSED TO CONSIDER TIMELY AFFIDAVITS FILED IN RESPONSE TO THE STATE'S MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF PETITIONER'S RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS, A FAIR HEARING, AND TO PRESENT EVIDENCE ON HIS BEHALF UNDER THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION." *Page 7 
 {¶ 16} Gorospe argues that the trial court erred in finding an affidavit and a police report he submitted as "supplemental evidence dehors the record" as an amendment to his petition for post-conviction relief, and then refusing to consider the supplemental evidence in relation to the petition for post-conviction relief. This Court disagrees.
 {¶ 17} It should first be noted that Gorospe contends that the State's memorandum in opposition to Gorospe's petition for post-conviction relief was actually a motion for summary judgment. In support of his argument, Gorospe provides: "Since the State argued that the petition and the affidavits in support did not warrant post-conviction relief, their filing is properly characterized as a motion for summary judgment. That is because the State requested the court to pierce the pleadings and look beyond the mere sufficiency of the allegations." However, Gorospe fails to cite any relevant authority to substantiate his position. Furthermore, the State did not "pierce the pleadings" as Gorospe contends, but merely responded to the claims as set forth in Gorospe's petition for post-conviction relief.
 {¶ 18} In his brief before this Court, after his attempt to characterize the State's response to his original petition as a motion for summary judgment, Gorospe attempted to carve out a constitutional argument averring that he was deprived of "absolute rights" because he was not afforded the opportunity to respond to the alleged motion for summary judgment. However, this argument is without merit and was simply an attempt to bypass the trial court's denial of his attempt to amend the original petition for post-conviction relief. Ultimately, Gorospe's motion and affidavits attached thereto were substantively an attempt to amend his original petition for post-conviction relief, and the trial court treated it as such when it denied his motion for failing to obtain leave of court. *Page 8 
 {¶ 19} R.C. 2953.21(F) provides: "At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." "Thus, a trial court is given the discretion to grant or deny a defendant leave to amend a petition for post-conviction relief." State v. Barrett, 9th Dist. No. 21641, 2004-Ohio-725, at ¶ 7, citing State v. Williams (Nov. 17, 1999), 9th Dist. No. 19437. Therefore, "[a]bsent an abuse of that discretion, an appellate court will not overturn the trial court's decision." Barrett at ¶ 7. As noted above, an abuse of discretion entails more than a mere error in judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore, 5 Ohio St.3d at 219.
 {¶ 20} In the case at hand, Gorospe filed a motion entitled "Supplemental evidence dehors the record offered in support of Defendant's post conviction petition." While the trial court is to consider supporting affidavits in determining whether there are substantive grounds for relief, R.C. 2953.21(C), where such affidavits are part of an attempt to amend the original petition after a response to the original petition is filed by the opposing party, the petitioner must obtain leave of court to amend the petition and have those affidavits considered. See R.C. 2953.21(F).
 {¶ 21} Here, the trial court determined that Gorospe's attempt to introduce new evidence, including an affidavit that set forth for the first time a new account describing a physical altercation that led to him losing control and killing his wife out of rage, "constitute[d] an amendment to his original petition." In his original petition, Gorospe alleged that his trial counsel was ineffective because counsel failed to make a reasonable investigation into Gorospe's mental health history. However, from the affidavit and police report that he submitted to supplement his original petition, Gorospe attempted to make a new argument that the events that *Page 9 
led to his wife's murder were a result of mutual combat, and that he was eventually thrown into a fit of rage after his deceased wife slashed at him with a kitchen knife. The new allegations are not related to Gorospe's original argument that he was denied effective assistance of counsel for failure to investigate his mental health history; rather, with the new evidence, Goropse attempted to set forth a new claim that his actions were brought about by the provocation of his deceased wife. Furthermore, Gorospe never alleged that his trial counsel failed to investigate the facts that led to the murder of his deceased wife, but only argued that counsel failed to investigate his mental health history.
 {¶ 22} In coming to its conclusion, the trial court noted the new rendition of events that had not been previously provided, which presented a chain of events that, if accepted as true, depicts a scene of mutual combat which was escalated by Gorospe's deceased wife and ultimately led to Gorospe's losing control and killing her out of rage. The court also noted that Gorospe failed to provide any reasoning as to why the information in the disputed affidavit could not have been included along with the original petition. After considering the above, the trial court determined that the supplemental motion was actually an attempt to amend the original petition, and denied the motion because Gorospe failed to obtain leave of court. Therefore, in coming to its conclusion, the trial court's decision was not unreasonable, arbitrary or unconscionable, but rather was based on the evidence available at the time of its decision. Accordingly, the trial court did not abuse its discretion in refusing to consider the evidence in question.
 {¶ 23} Gorospe's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT DENIED THE PETITIONER'S MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF PETITIONER'S *Page 10 
RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS, A FAIR HEARING, AND TO PRESENT EVIDENCE ON HIS BEHALF UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 24} Gorospe argues that the trial court erred in denying his motion for summary judgment without a hearing. However, because the trial court properly found that Gorospe was not entitled to post-conviction relief, his arguments regarding alleged trial court error in denying summary judgment are moot. Gorospe's second assignments of error is overruled.
 III. {¶ 25} Gorospe's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 11 
Costs taxed to Appellant.
 WHITMORE, J., DICKINSON, J., CONCUR. *Page 1