[Cite as *State v. Gorospe*, 2011-Ohio-3291.]

STATE OF OHIO      )                IN THE COURT OF APPEALS
)ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| STATE OF OHIO | C.A. Nos. 25551 & 25552 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH DAMIAN GOROSPE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 06 11 3978 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Joseph Gorospe, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In April 2007, Gorospe pleaded guilty to murdering his wife as well as several other related offenses. Gorospe did not appeal from his convictions, but filed a post-conviction relief petition in November 2007, based on the alleged ineffectiveness of his trial counsel. The trial court denied his petition on February 6, 2008, and this Court affirmed the denial of the petition on appeal. *State v. Gorospe*, 9th Dist. No. 24111, 2008-Ohio-6435.

{¶3} On May 19, 2010, Gorospe filed a motion to withdraw his plea because he claimed he was not properly advised of post-release control or his Crim.R. 11 rights at the time he entered his plea. The trial court denied Gorospe's motion on July 30, 2010. Subsequently, the court resentenced Gorospe to post-release control by virtue of R.C. 2929.191 and issued its

nunc pro tunc sentencing entry on August 16, 2010. Gorospe appealed from both judgment entries on the same day. See *State v. Gorospe*, 9th Dist. No. 25551 (challenging the judgment entry, resentencing Gorospe to post-release control); *State v. Gorospe*, 9th Dist. No. 25552 (challenging the judgment entry denying Gorospe's motion to withdraw his plea). This Court later consolidated the appeals. See *State v. Gorospe* (Aug. 25, 2010), 9th Dist. Nos. 25551 & 25552.

{¶4} Gorospe raises seven assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED DURING THE PLEA HEARING WHEN IT DID NOT INFORM GOROSPE OF HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS, THEREBY FAILING TO STRICTLY COMPLY WITH OHIO R. CRIM. P. 11(C)(2)(c) AND RENDERING HIS PLEA INVALID BECAUSE IT WAS NOT KNOWINGLY, INTELLIGENTLY AND INTELLIGENTLY (sic) MADE, IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

Assignment of Error Number Two

"THE TRIAL COURT ABUSED IT (sic) DISCRETION WHEN IT DENIED GOROSPE'S MOTION TO WITHDRAW GUILTY PLEA WHEN HIS PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED BECAUSE THE TRIAL COURT FAILED TO INFORM HIM OF HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS DURING THE PLEA HEARING, IN VIOLATION OF HIS RIGHTS TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND HIS RIGHT TO COMPULSORY PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

Assignment of Error Number Three

"THE TRIAL COURT ERRED WHEN IT APPLIED RES JUDICATA TO BAR GOROSPE'S CLAIM THAT HIS PLEA WAS NOT KNOWINGLY,

VOLUNTARILY AND INTELLIGENTLY ENTERED BECAUSE THE TRIAL COURT FAILED TO INFORM HIM OF HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS DURING THE PLEA HEARING, IN VIOLATION OF HIS RIGHTS TO EQUAL PROTECTION, AND SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

### Assignment of Error Number Four

"THE TRIAL COURT ERRED WHEN IT CONSIDERED GOROSPE'S MOTION TO WITHDRAW GUILTY PLEA A POST-SENTENCE MOTION, INSTEAD OF A PRE-SENTENCE MOTION, IN VIOLATION OF HIS RIGHTS TO EQUAL PROTECTION, AND SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

### Assignment of Error Number Five

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED GOROSPE'S MOTION TO WITHDRAW GUILTY PLEA WHEN HIS PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED BECAUSE THE TRIAL COURT COMPLETELY FAILED TO INFORM HIM, PRIOR TO ACCEPTING HIS GUILTY PLEA, OF POST RELEASE CONTROL, THEREBY FAILING TO COMPLY WITH OHIO R. CRIM. P 11(C)(2)(a), IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

### Assignment of Error Number Six

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED GOROSPE'S MOTION TO WITHDRAW GUILTY PLEA WHEN HIS PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED BECAUSE HE DID NOT UNDERSTAND THE NATURE OF THE CHARGES AGAINST HIM AND THE POSSIBLE DEFENSES THAT HE HAD TO THOSE CHARGES, THEREBY FAILING TO COMPLY WITH OHIO R. CRIM. P. 11(C)(2)(a), IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

### Assignment of Error Number Seven

"THE TRIAL COURT ERRED IN APPLYING RES JUDICATA TO BAR GOROSPE'S CLAIM THAT HE DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HE (sic) GUILTY PLEA BECAUSE HE DID NOT UNDERSTAND THE NATURE OF THE CHARGES AGAINST HIM AND HIS POSSIBLE DEFENSES TO THOSE CHARGES, IN VIOLATION OF HIS RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS

UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."

{¶5} All of Gorospe's assignments of error stem from the presumption that his initial plea and sentence were void due to an error in post-release control. Because Gorospe presumes that he never received a final judgment of conviction until August 2010, he argues that: (1) his motion to withdraw was a pre-sentence motion; (2) the doctrine of res judicata does not bar any of his arguments; and (3) his plea was not knowingly, intelligently, and voluntarily entered. We address the arguments together as they all stem from a faulty presumption.

{¶6} The trial court originally sentenced Gorospe in April 2007. Sentences imposed on or after July 11, 2006 are not void for post-release control errors, but are correctable pursuant to the procedure set forth in R.C. 2929.191. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus. Moreover, the fact that a defendant's conviction arose as a result of a plea does not change that result. The Ohio Supreme Court has now clearly indicated that, even if an offender pleaded pursuant to a defective post-release control notification, only the defective notification portion of the sentence is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraphs two and three of the syllabus, modifying *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250. Specifically, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Because Gorospe received his final judgment of conviction in April 2007, the trial court correctly concluded that his initial plea and sentence were not void and properly refused to treat his motion to withdraw his plea as a pre-sentence motion. See *State v. Brown*, 9th Dist. Nos. 25353 & 25355, 2011-Ohio-1043, at ¶6.

{¶7} Gorospe sought to withdraw his plea on the basis that he did not knowingly, intelligently, and voluntarily enter it. He argues that his plea was defective because he was not

informed of post-release control, he was not informed of his right to the compulsory process under Crim.R. 11, and he did not understand the nature of the charges against him.

> "Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.  In a post-sentence motion, the burden of establishing the existence of a manifest injustice is upon the individual seeking to withdraw the plea.  A manifest injustice has been defined as a clear or openly unjust act.  Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases."  (Internal citations and quotations omitted.)  *State v. Brown*, 9th Dist. No. 24831, 2010-Ohio-2328, at ¶9.

Undue delay in a defendant's Crim.R. 32.1 motion to withdraw is a factor "militating against the granting of the motion."  *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶14, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph three of the syllabus.

{¶8}    "When [a] trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule.  If the trial judge partially complied, *** the plea may be vacated only if the defendant demonstrates a prejudicial effect."  (Emphasis omitted.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶32.  Conversely, "[a] complete failure to comply with the rule does not implicate an analysis of prejudice."  Id., quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶22.  At the time a defendant enters his plea, he must be advised of post-release control because it is a part of his actual sentence.  *State v. Holcomb*, 9th Dist. No. 25165, 2010-Ohio-4656, at ¶10, citing Crim.R. 11(C).

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any *** claimed lack of due process that *** could have been raised *** on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

In certain instances, this Court has applied the doctrine of res judicata in appeals stemming from the denial of a defendant's Crim.R. 32.1 motion to withdraw. See *State v. Rhoten*, 9th Dist. No. 24487, 2009-Ohio-3362, at ¶5-7 (applying res judicata where defendant could have raised arguments on direct appeal, despite never having had one, and raised similar issues in a post-conviction relief petition); *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶8-11 (applying res judicata where defendant could have argued in his direct appeal that the trial court failed to comply with Crim.R. 11 when accepting his plea).

{¶9}    All of the alleged errors upon which Gorospe relied in his motion to withdraw were apparent on the face of the record at the time he first appealed. Gorospe's plea colloquy took place on the record and any Crim.R. 11 defect therein could have been raised on direct appeal. *Rexroad* at ¶8-11. Accord *Rhoten* at ¶5-7. Additionally, Gorospe previously pursued a petition for post-conviction relief and an appeal from its denial, see *Gorospe*, supra, so he also had a prior opportunity to challenge his plea based on any evidence that might have existed outside the trial court record.

{¶10} The trial court applied res judicata to Gorospe's arguments that he was not adequately informed of his right to the compulsory process under Crim.R. 11 and did not fully understand the charges against him when he pleaded because Gorospe could have raised those issues either on direct appeal or in his petition for post-conviction relief. Gorospe's sole explanation as to why res judicata does not apply here is that the doctrine does not apply to void judgments. Gorospe, however, did not have a void judgment and *Fischer* clearly dictates that, in defective post-release control notification cases, "[r]es judicata still applies to other aspects of the merits of a conviction[.]" *Fischer* at paragraph three of the syllabus. Thus, his argument that the trial court erred by applying res judicata to the foregoing argument lacks merit.

{¶11} Assuming that res judicata does not also bar Gorospe's argument that his plea was invalid because he was not notified of post-release control, see *State v. Hubbard*, 9th Dist. No. 25141, 2011-Ohio-2770, at ¶2-14 (applying res judicata to certain portions of motion to withdraw, but not the portion regarding post-release control), we similarly must conclude that the trial court did not err by refusing to allow Gorospe to withdraw his plea. The trial court determined that the judge who accepted Gorospe's plea partially complied with Crim.R. 11 when advising Gorospe of post-release control. The transcript of the plea colloquy reflects that the judge who accepted the plea erroneously referred to post-release control as "parole" and did not indicate that the term was mandatory, but did state that there was a "possibility" Gorospe could receive another five years of "parole" on his most serious charge and another three years of "parole" on his third-degree felony. Gorospe argues that the trial court "completely failed to inform [him] of post[-]release control," but does not cite any case law for that proposition or explain why the trial court's statements did not amount to partial compliance. See App.R. 16(A)(7). Absent any argument from Gorospe, we cannot conclude that the trial court erred by finding there was partial compliance with Crim.R. 11, regarding Gorospe's post-release control notification.

{¶12} Because the trial judge who accepted Gorospe's guilty plea partially complied with Crim.R. 11, Gorospe had to demonstrate that he would not have pleaded guilty, had he known he would be subject to post-release control. See *Clark* at ¶32 (holding that partial compliance with Crim.R. 11 implicates a prejudice analysis). The trial court found that Gorospe failed to prove that he would not have pleaded guilty if he was properly informed of post-release control because his charges were extremely serious and carried a mandatory sentence of fifteen years to life. As a result of the negotiated plea, he was sentenced to twenty-three years to life in

prison. The record also reflects that Gorospe did not express any concern when he was informed of post-release control at his sentencing hearing and that he waited three years before he sought to withdraw his plea. See *Bush* at ¶14 (noting that delay in filing a Crim.R. 32.1 motion is a factor weighing against its granting). The only evidence upon which Gorospe relies to argue that he proved prejudice is his own conclusory statement in his affidavit, indicating that he would not have pleaded if he had known about post-release control. Based on the record before us, we cannot say that the trial court abused its discretion by determining that Gorospe failed to demonstrate the existence of manifest injustice. Accordingly, the trial court did not err by denying his motion to withdraw. Based on the foregoing analysis, all of Gorospe's assignments of error are overruled.

## III

{¶13} Gorospe's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS

CARR, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶14} I would affirm solely on the basis of res judicata. As Gorospe's sentence was never void, he could have raised on direct appeal the issue of the voluntariness of his plea based on the failure of the trial court to notify him of post-release control at the plea hearing. Having failed to do so, he is now barred from raising that issue under the doctrine of res judicata pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

APPEARANCES:

JAMES D. OWEN, and TODD A. LONG, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.